```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MARYLAND


OMOTESEME PRINGLE                              )
1215 East West Highway, Apt. 515               )
Silver Spring, Maryland 20910,                 )
                                               )
PAUL E. VOORHEES                               )C.A. No.
1215 East West Highway, Apt. 402               )
Silver Spring, Maryland 20910,                 )
                                               )
ALEXIS REDDICK                                 )
245 Newcomb Street, S.E., Apt. 1               )
Washington, D.C. 20032,                        )
                                               )
              Plaintiffs,                      )
                                               )
vs.                                            )
                                               )
BLAIR TOWERS, LLC                              )
2000 Towers Oaks Blvd., Suite 900              )
Rockville, Maryland 20852                      )
    Serve: Resident Agent                      )
    Luann S. Sinclair                          )
                                               )
TOWER REAL ESTATE GROUP, LLC                   )
2000 Towers Oaks Blvd., Suite 900              )
Rockville, Maryland 20852                      )
    Serve: Resident Agent                      )
    Luann S. Sinclair                          )
                                               )
TOWER PROPERTY HOLDINGS, LLC                   )
2000 Towers Oaks Blvd., Suite 900              )
Rockville, Maryland 20852                      )
    Serve: Resident Agent                      )
    Luann S. Sinclair                          )
                                               )
              Defendants.                      )
_____)
```

## COMPLAINT

Plaintiffs Omoteseme Pringle ("Ms. Pringle"), Paul E. Voorhees ("Mr. Voorhees"), and Alexis Reddick ("Ms. Reddick"), by counsel, hereby complain and allege as follows:

## I. NATURE OF CASE

1. This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq. and the Maryland Wage and Hour Law, Md. Code Ann. Lab & Emp. §3-401, et seq., by Omoteseme Pringle, Paul E. Voorhees, and Alexis Reddick against Defendants Blair Towers, LLC, Tower Real Estate Group, LLC, and Tower Property Holdings, LLC for overtime violations of the FLSA and the Maryland Wage and Hour Law.

## II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the FLSA claims under 28 U.S.C. §1331 and 28 U.S.C. §1337. This Court has supplemental jurisdiction over Plaintiffs' state law claims, including under the Maryland Wage and Hour Law, under 28 U.S.C. §1331. The claims arise from a common nucleus of operative facts.

3. Venue is proper in this district by virtue of 28 U.S.C. §1391(b) because, among other reasons, a substantial part of the events or omissions giving rise to the claims occurred in this district. Plaintiffs were employed by Defendants in Montgomery County, Maryland, in this district.

## III. THE PARTIES

4. Plaintiff Omoteseme Pringle is a resident of Montgomery County, Maryland. She was employed by Defendants from in or about August 2011 until in or about August 2013. She worked as a leasing agent in Silver Spring, Maryland.

5. Plaintiff Paul E. Voorhees is a resident of Montgomery County, Maryland. He was employed by Defendants from on or about

2

July 17, 2011 until on or about July 17, 2012.  He worked as a leasing agent in Silver Spring, Maryland.

6.   Plaintiff Alexis Reddick is a resident of the District of Columbia.  She was employed by Defendants from in or about April, 2012 until in or about February, 2013.  She worked as a leasing agent in Silver Spring, Maryland.  Ms. Reddick is also known as Alexis-Yasmeen Reddick.

7.   Defendant Blair Towers, LLC is a limited liability company, organized under the laws of Maryland, with its principal place of business in Montgomery County, Maryland.  Defendant has regularly conducted business activity in Maryland, including in Montgomery County.  Defendant provides real estate property management services and/or related services.  Defendant sometimes does business as The Tower Companies.

8.   Defendant Tower Real Estate Group, LLC is a limited liability company, organized under the laws of Maryland, with its principal place of business in Montgomery County, Maryland. Defendant has regularly conducted business activity in Maryland, including in Montgomery County.  Defendant provides real estate property management services and/or related services.  Defendant sometimes does business as The Tower Companies.

9.   Defendant Tower Property Holdings, LLC is a limited liability company, organized under the laws of Maryland, with its principal place of business in Montgomery County, Maryland. Defendant has regularly conducted business activity in Maryland, including in Montgomery County.  Defendant provides real estate

property management services and/or related services. Defendant sometimes does business as The Tower Companies.

## IV. FACTS

10. Defendant Blair Towers, LLC was an enterprise engaged in commerce for purposes of the FLSA at all times relevant herein.

11. Defendant Tower Real Estate Group, LLC was an enterprise engaged in commerce for purposes of the FLSA at all times relevant herein.

12. Defendant Tower Property Holdings, LLC was an enterprise engaged in commerce for purposes of the FLSA at all times relevant herein.

13. Defendants together were an enterprise engaged in commerce for purposes of the FLSA at all times relevant herein.

14. Defendant Blair Towers, LLC had annual gross volume of sales or business done of $500,000 or more at all times relevant herein.

15. Defendant Tower Real Estate Group, LLC had annual gross volume of sales or business done of $500,000 or more at all times relevant herein.

16. Defendant Tower Property Holdings, LLC had annual gross volume of sales or business done of $500,000 or more at all times relevant herein.

17. Defendants together had annual gross volume of sales or business done of $500,000 or more at all times relevant herein.

18. Defendants engaged in interstate commerce by such means as regularly making telephone calls to persons in other states,

regularly sending mail to and receiving mail from persons in other states, making business transactions in interstate commerce, and using goods manufactured in other states.

19. Plaintiffs worked in Maryland as leasing agents for Defendants.

20. Plaintiffs engaged in commerce across state lines in the course of their employment with Defendants by, without limitation, using goods manufactured in other states and engaging in telephone calls across state lines.

21. Plaintiffs were paid on an hourly basis.

22. Plaintiffs regularly worked more than 40 hours a week for Defendants.

23. Defendants did not pay Plaintiffs one and one-half times their FLSA regular rate of pay for all overtime hours worked.

24. Plaintiffs received overtime compensation for some of their hours worked over 40 in a workweek.

25. Plaintiffs worked many hours a week off-the-clock and received no compensation, including no overtime compensation, for such off-the-clock work.

26. Plaintiffs regularly worked at home, off-the-clock, with the actual or constructive knowledge of Defendants.

27. Plaintiffs regularly worked at the office, off-the-clock, with the actual or constructive knowledge of Defendants, including on weekends and days off, during lunch breaks, and before and after normal working hours.

28. Plaintiffs regularly communicated about work-related matters with Defendants and/or their agents, by telephone and by emails, while off-the-clock.

29. Defendants and/or their agents, including a Leasing Manager, regularly changed time and attendance records and/or payroll records to deny compensation, including overtime compensation, to Plaintiffs for hours that they worked and recorded as worked.

30. When Defendants paid overtime compensation to Plaintiffs, Defendants paid it at an incorrect rate.

31. Defendants paid commissions and/or performance bonuses to Plaintiffs, based on their work performance.

32. Defendants did not include the commissions and/or performance bonuses in Plaintiff's regular rate of pay for purposes of calculating overtime compensation.

33. Defendants required and/or suffered or permitted Plaintiffs to work more than 40 hours a week, without all overtime compensation required by law.

34. Plaintiffs regularly worked overtime hours, with the actual and/or constructive knowledge of Defendants.

35. Defendants knew that they were obligated to pay overtime compensation to Plaintiffs, since Defendants paid overtime compensation for some hours worked over 40.

36. Defendants knew that they were not allowed to change time and attendance records and/or change payroll records to deny Plaintiff overtime compensation required by law.

37. The failure of Defendants to pay Plaintiffs all overtime compensation due was intentional and/or in reckless disregard of the law.

## V. CLAIMS FOR RELIEF

### COUNT ONE
### VIOLATION OF FLSA

38. The allegations of the preceding paragraphs are here realleged.

39. Defendants did not compensate Plaintiffs for all hours that Defendants required and/or "suffered or permitted" Plaintiffs to work for Defendants with the actual or constructive knowledge of Defendants.

40. Defendants regularly and willfully required Plaintiffs and to work in excess of 40 hours during a workweek and/or "suffered or permitted" such overtime work.

41. Defendants did not pay Plaintiffs one and one-half times their FLSA regular rate of pay for all of the hours they worked in excess of 40 in each workweek (i.e., overtime hours worked).

42. Defendants regularly and willfully violated the FLSA by not compensating Plaintiffs for all hours they were required and/or "suffered or permitted" to work for Defendants and/or for not paying all overtime compensation due to Plaintiffs.

43. By reason of the foregoing, Plaintiffs have been damaged and are due unpaid compensation (including unpaid overtime compensation), an amount equal to that unpaid compensation as liquidated damages, and reasonable attorneys' fees and expenses, and costs under 29 U.S.C. §216(b).

## COUNT TWO
### VIOLATION OF MARYLAND WAGE AND HOUR LAW

44. The allegations of the preceding paragraphs are here realleged.

45. Defendants did not compensate Plaintiffs for all hours that Defendants required and/or "suffered or permitted" Plaintiffs to work for Defendants with the actual or constructive knowledge of Defendants.

46. Defendants regularly and willfully required Plaintiffs to work in excess of 40 hours during a workweek and/or "suffered or permitted" such overtime work.

47. Defendants did not pay Plaintiffs one and one-half times their regular rate of pay for all of the hours they worked in excess of 40 in each workweek (i.e., overtime hours worked).

48. Defendants regularly and willfully violated the Maryland Wage and Hour Law, Md. Code Ann. Lab & Emp. §3-401, et seq., by not compensating Plaintiffs for all hours they were required and/or "suffered or permitted" to work for Defendants and/or for not paying all overtime compensation due to Plaintiffs.

49. By reason of the foregoing, Plaintiffs have been damaged and are due unpaid compensation (including unpaid overtime compensation), and reasonable attorneys' fees and expenses, and costs.

## COUNT THREE
### VIOLATION OF MARYLAND WAGE PAYMENT LAW

50. The allegations of the preceding paragraphs are here realleged.

8

51. Defendants regularly and willfully violated the Maryland Wage Payment and Collection Law, §3-501, <u>et seq.</u>, Md. Code, Labor and Employment, by failing and refusing to pay Plaintiffs wages due them, including overtime wages due under the Maryland Wage and Hour Law and/or the FLSA.

52. There was no bona fide or good faith dispute concerning the overtime wages due.

53. By reason of the foregoing, Plaintiffs have been damaged and are due unpaid compensation (including unpaid overtime compensation), treble damages, and reasonable attorneys' fees and expenses, and costs.

WHEREFORE, Plaintiffs demand judgment against Defendants Blair Towers, LLC, Tower Real Estate Group, LLC, and Tower Property Holdings, LLC for unpaid compensation (including unpaid overtime compensation), in an amount to be determined at trial, an amount equal to that unpaid compensation as liquidated damages under the FLSA and/or treble damages for unpaid wages and/or unpaid overtime wages under the Maryland Wage Payment and Collection Law, interest, reasonable attorneys' fees and expenses, costs, and such other relief as this Court considers proper.

Respectfully submitted,

OMOTESEME PRINGLE
PAUL E. VOORHEES
ALEXIS REDDICK

By counsel:

/s/John J. Rigby

John J. Rigby
Fed. Bar No. 13662
McInroy & Rigby, L.L.P.
2200 Clarendon Blvd., Suite 1201
Arlington, Virginia 22201
(703) 841-1100
(703) 841-1161 (fax)
jrigby@mcinroyrigby.com