IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **OMOTESEME PRINGLE, et al.** | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | Civil No.: **PJM 13-2836** |
| | * | |
| **BLAIR TOWERS LLC, et al.** | * | |
| | * | |
| Defendants | * | |

## MEMORANDUM OPINION

Omoteseme Pringle, Alexis Reddick, and Paul Voorhees ("Plaintiffs") have sued Blair

Towers, LLC, Tower Real Estate Group, LLC, and Tower Property Holdings, LLC (collectively,

"Blair Towers"), alleging violations of the Maryland Wage and Hour Law ("MWHL"), Md.

Code Ann., Lab. & Empl. §§ 3-401 *et seq.*, the Maryland Wage Payment and Collection Law

("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.*, and the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §§ 206, 207. Plaintiffs and Blair Towers have now reached a settlement,

and ask for the Court to approve the settlement and dismiss with prejudice all claims in the

Complaint. For the reasons that follow, the Court **GRANTS** the Joint Motion for Settlement,

ECF No. 44, and **DISMISSES WITH PREJUDICE** the remaining counts of the Amended

Complaint, ECF No. 29, as to all Defendants.

## I.

### Factual and Procedural Background

Blair Towers provides real estate property management services in Maryland. The

Plaintiffs worked in Maryland as leasing agents for Blair Towers in a complex of apartment

buildings in Silver Spring, Maryland. Their duties included showing apartments to potential

tenants and performing other duties associated with tenants leasing and moving into an apartment. Plaintiffs lived on site in the complex of buildings where they worked and were paid at an hourly rate.

Plaintiffs allege that Blair Towers failed to pay each plaintiff some of the overtime compensation for hours that they worked in excess of 40 in the work week. While there is no dispute that Blair Towers paid plaintiffs overtime compensation for the hours that appeared on their time cards, the parties disputed whether Plaintiffs worked more hours than their time cards indicated. The parties also dispute whether the Plaintiffs were paid at the wrong overtime rate, due to the fact that their commissions were not included in their regular rate of pay for overtime calculations.

Plaintiffs filed the Complaint on September 26, 2013. ECF No. 1. The parties moved for an extension of the deadline for Blair Towers to respond to the Complaint, and moved to stay the proceedings for 90 days in order to exchange information on an informal basis with an eye towards resolving the matter. ECF No. 10. On May 21, 2014, Blair Towers moved to dismiss the Complaint. ECF No. 17. The Court held a motions hearing and granted Blair Towers's Motion to Dismiss without prejudice, and granted Plaintiffs leave to file an Amended Complaint. ECF No. 28. Plaintiffs filed an Amended Complaint, and Blair Towers answered. ECF Nos. 29, 30. By the parties' request, a settlement conference was held before Magistrate Judge Charles Day on February 25, 2015, at which time they reached an agreement in principle. The Court modified the scheduling order to allow the parties to prepare a settlement agreement, ECF No. 42, and on May 13, 2015, the parties submitted the pending Joint Motion for Settlement, ECF No. 44.

## II.

Standard of Review

Congress enacted the FLSA to protect workers from the poor wages and long hours that may result from significant inequalities in bargaining power between employers and employees. To that end, the statute's provisions are mandatory and generally not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). Court-approved settlement is an exception to that rule, "provided that the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman v. LBDP, Inc.*, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

In reviewing FLSA settlements for approval, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*." *Saman*, 2013 WL 2949047, at *3 (citing *Hoffman v. First Student, Inc.*, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010)). The settlement must "reflect[] a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* The Court considers (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement. *Id.* (citing *Lynn's Food Stores*, 679 F.2d at 1355; *Lomascolo v. Parsons Brinckerhoff, Inc.*, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko-Me, LLC,* 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011)).

**III.**

<u>Bona Fide Dispute</u>

In deciding whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement.  *See Lomascolo*, 2009 WL 3094955, at *16–17.

The parties stipulate that, after exchange of informal discovery, there exist *bona fide* disputes between the parties. First, Blair Towers disputes that the Plaintiffs worked any additional overtime that was not shown on official time records, and that the amount of any such overtime would be compensable. The Plaintiffs admit that they lack contemporaneous written documentation that would support their overtime claims, and that unlike many wage and hour cases, Plaintiffs here were indisputably paid for at least some of their overtime work on a regular and documented basis. Second, Blair Towers disputes that it acted willfully and with a lack of good faith under the FLSA. The parties stipulate that testimony would conflict as to whether Blair Towers knew or should have known that Plaintiffs worked some or all of the overtime that they claim to have worked. Finally, Blair Towers disputes that Plaintiffs were paid at the wrong overtime rate because their commissions were not included in their regular rate of pay for overtime calculations (although the Parties concede that this part of the Plaintiffs' claim is worth relatively little).

Accordingly, the Court finds that a *bona fide* dispute exists as to Blair Towers's liability under the FLSA, whose resolution would depend on both further factual development and rulings of law.

**IV.**

<u>Fairness and Reasonableness</u>

If a *bona fide* dispute is found to exist, courts must then evaluate the fairness and reasonableness of the settlement based on the following factors:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [] counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo*, 2009 WL 3094955, at *10).

Having reviewed the parties' submissions and after considering the relevant factors enumerated by the *Lomascolo* court, the Court concludes that the Settlement Agreement is a fair and reasonable compromise of the parties' *bona fide* dispute.

The case is settling at an early stage; indeed, although the parties have litigated a Motion to Dismiss, the parties do not represent that any formal discovery has taken place. In *Saman*, which settled at a similarly early stage, plaintiff's counsel averred that he had the opportunity through mediation to review wage/hour records of sufficient quantity and quality to determine the potential range of recovery in the case. *See Saman*, 2013 WL 2949047, at *3. On this basis, Judge Chasanow of this Court concluded that the parties had sufficient opportunity to obtain and review evidence, to evaluate their claims and defenses and to engage in informed arms-length settlement negotiations. *See id.* (citing *Lomascolo*, 2009 WL 3094955, at *11). Counsel in the present case represent that they engaged in informal discovery, which included the production of over 1800 pages of documents by Defendants and the production of emails and text messages by Plaintiffs. The parties attended a day long settlement conference before Magistrate Judge Day, at which time they reached agreement in principle on the amount of compensation that each

5

plaintiff would receive and the amount of attorneys' fees to be paid to Plaintiffs' counsel. The Court is therefore satisfied that the parties have had sufficient opportunity to evaluate their claims and defenses as to these disputed legal and factual issues and to engage in informed arms-length settlement negotiations.

Similarly, the Court finds no fraud or collusion in the proposed settlement, given the experience of Plaintiffs' counsel, the endorsement of settlement by counsel for both parties, and the quality of the filings submitted to date.

Finally, as to the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery, the Court is satisfied that the settlement of each Plaintiff's claim is fair and reasonable under the circumstances. The proposed settlement is as follows: Plaintiff Pringle will receive unpaid wages for overtime in the amount of $14,000. Plaintiff Reddick will receive unpaid wages for overtime in the amount of $12,000. Plaintiff Voorhees will receive unpaid wages for overtime in the amount of $14,000. These unpaid wages will be subject to applicable taxes and deductions. In addition, Blair Towers agrees to release liquidated rent claims against each of the Plaintiffs for unpaid rent. According to the settlement agreement, the parties believe the rent claim against Reddick to be $2,618.74 and the claim against Voorhees to be $3,327.50. ECF No. 44-1, at 5. The settlement agreement also provides that Blair Towers will move to vacate the default judgment entered against Plaintiff Pringle for unpaid rent in the District Court for Montgomery County (or to indicate that the judgment has been released and satisfied). *See id.* The current value of the default judgment is $2,334.70. *See Blair Towers, LLC v. Omoteseme Pringle*, Civ. No. 0601-0009317-2014 (Dist. Ct. Montgomery Cty. May 5, 2014).

Counsel for Plaintiffs estimates that his clients, on average, each performed between five and ten uncompensated hours of overtime per week during the time that they were employed. At a $25.50 per hour overtime rate of pay, the settlement agreement compensates Plaintiff Pringle for an average of approximately 5.5 hours of additional overtime pay for each working week that she was employed; Plaintiff Reddick for 11.75 hours; and Plaintiff Voorhees for 11 hours. These calculations do not account for the value to the Plaintiffs of the release of unpaid rent claims. The parties note that the amounts to be paid to Plaintiffs in the settlement agreement are significantly less than the value of the claims that Plaintiffs would be owed if, at trial, Blair Towers were to be found to have willfully violated the FLSA. But because it is disputed whether the Plaintiffs would be able to recover at all, let alone whether they would be able to recover liquidated damages, the parties have essentially agreed to split the difference by settling their claim for what amounts to the full amount of unpaid overtime but no liquidated damages. Especially in light of the admitted lack of contemporaneous written documentation that would support Plaintiffs' overtime claims, the Court finds this settlement reasonable under the circumstances.

Plaintiffs also agree to a general waiver of claims against Blair Towers. *See* ECF No. 44-1, at 6-8. While some courts have held that an overly broad release provision can render an FLSA agreement unreasonable if the release includes claims unrelated to those asserted in the complaint, *Saman*, 2013 WL 2949047, at *5 (citing cases), if the employee is compensated reasonably for the release executed, the settlement can be accepted, and the Court is not required to evaluate the reasonableness of the settlement as to the non-FLSA claims. *See Duprey v. Scotts Co. LLC*, 2014 WL 2174751, at *4 (D. Md. May 23, 2014). In *Duprey*, the plaintiff was compensated for almost eighty percent of his claimed back pay, plus an additional sum in liquidated damages. Judge Grimm of this Court found that this percentage fairly compensated the

plaintiff for the general release executed. *See id.* Here, Plaintiffs will be compensated for

essentially all of their claimed unpaid overtime and, in addition, released from significant claims

for unpaid rent (including, in Pringle's case, a default judgment already entered against her).

Accordingly, the Court finds that the settlement reasonably compensates Plaintiffs for the release

executed.

In sum, the settlement agreement would recover the actual amounts that each Plaintiff

estimates that he or she is owed, plus the release of unpaid rent claims of over $2000 as to each

Plaintiff. The Court finds this settlement reasonable in relation to the potential recovery in the

case.

## V.

### Attorneys' Fees

The reasonableness of the fee award proposed in an FLSA settlement must be

independently assessed, regardless of whether there is any suggestion that a "conflict of interest

taints the amount the wronged employee recovers under a settlement agreement." *Lane*, 2011

WL 3880427, at *3 (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1243 (M.D. Fla.

2010)). In making that assessment, courts typically use the principles of the traditional lodestar

method as a guide. *Id.* (citing cases).

Traditionally, in calculating an award of attorney's fees, the Court must determine the

lodestar amount, defined as a reasonable hourly rate multiplied by hours reasonably expended.

*Duprey v. Scotts Co. LLC*, 2014 WL 2174751, at *6 (D. Md. May 23, 2014) (citing *Lopez v.

XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012)). An hourly rate is reasonable

if it is "in line with those prevailing in the community for similar services by lawyers of

reasonably comparable skill, experience, and reputation." *Id.* (citing *Blum v. Stenson*, 465 U.S.

886, 890 n. 11 (1984)). In Appendix B to its Local Rules, this Court has established rates that are presumptively reasonable for lodestar calculations. *Id.* (citing *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509 (D. Md. 2000)). Plaintiffs should also provide all documentation necessary for the Court to make a lodestar determination as to the hours reasonably expended, including but not limited to declarations establishing the hours expended by counsel, broken down for each task. *See Saman*, 2013 WL 2949047, at *7; Local Rule 109.2; Appendix B to the Local Rules.

The parties' submissions in this regard are somewhat unclear. John Rigby, Esq. of McEnroy & Rigby filed the Complaint on behalf of the Plaintiffs, ECF No. 1, and Michael May, Esq. and Jeffery Lynn Rhodes, Esq. of Albo & Oblon LLP entered their appearance on behalf of the Plaintiffs about six months later. ECF Nos. 14, 15. The Joint Motion for Settlement states that the actual hourly fees incurred by the Plaintiffs have been in excess of $64,000, which in turn, appears to be a reference to Rigby's billing records. *See* ECF No. 44-2, at 10. Those records indicate that Rigby billed 127.6 hours on this matter, which, at a rate of $525 per hour, comes out to $66,990. *Id.* Plaintiffs also submit records from Albo & Oblon LLP, indicating that May and Rhodes incurred $13,177.50 in fees and costs for approximately 81.2 hours billed, at a rate of $325 and $350 per hour, respectively. *See id.* at 11-23. However, despite the fact that the Plaintiffs were represented by three attorneys throughout most of the case, and the fact that the settlement agreement provides for attorneys' fees for all three attorneys, the Joint Motion for Settlement only appears to concern Mr. Rigby's representation.[1] Accordingly, the Court will make the lodestar determination as to the rate charged and hours expended by Mr. Rigby alone.

---

[1] The Joint Motion for Settlement's discussion of the lodestar method assumes an hourly rate of $400. *See, e.g.*, ECF No. 44, at 11. While, as discussed below, this rate is reasonable for an attorney of Mr. Rigby's experience, it exceeds the rates actually billed by the less senior attorneys May and Rhodes.

The parties' submissions do not indicate how long any counsel has been admitted to a state bar. The Membership Division of the Virginia State Bar has advised the Court that Mr. Rigby has been an active member of that Bar since September 26, 1980, well over 20 years. The parties appear to stipulate that his hourly rate is $400. ECF No. 44, at 11. Per Appendix B, a presumptively reasonable rate for lawyers admitted to the bar for over twenty years is $300-$475. Accordingly, the Court finds Mr. Rigby's hourly rate to be reasonable.

As previously noted, Mr. Rigby filed billing statements indicating 127.6 hours billed. ECF No. 44-2, at 10. At a reasonable hourly rate of $400, Mr. Rigby incurred $51,040 in fees. *See id.* However, counsel for Plaintiffs, in the interest of reaching a settlement, agreed to reduce the attorneys' fee award to $30,000.[2] At an hourly rate of $400, this amounts to 75 hours of compensation.

The Court finds 75 hours a reasonable period of time for Plaintiffs' counsel, over the course of a year and a half, to have investigated the Plaintiffs' claims, drafted a Complaint, responded to a Motion to Dismiss, drafted an Amended Complaint, and engaged in informal discovery and settlement negotiations. This is especially true in light of the number of plaintiffs involved in the case, the volume of materials produced in the course of informal discovery, and the number of weeks of alleged unpaid overtime requiring investigation and research. Accordingly, the Court finds the attorney fee award in the proposed settlement to be reasonable.

---

[2] The settlement agreement provides that $22,900 will be payable to McInroy & Rigby LLP and $7,100 will be paid to Albo & Oblon LLP. ECF No. 44-1, at 4.

**VI.**

<u>Conclusion</u>

For the foregoing reasons, the Court **GRANTS** the Joint Motion for Settlement and

**DISMISSES WITH PREJUDICE** Counts I, II, and III of the Amended Complaint.  A separate

Order will **ISSUE**.

_____/s/_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**June 30, 2015**